## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

**JAHSHEIA GAMBLE,**

                    Plaintiff,

VERSUS

**ALDI, INC.,**

                    Defendant.

**CIVIL ACTION NO.**

**JUDGE:**

**MAGISTRATE JUDGE:**

## COMPLAINT FOR DAMAGES

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

The complaint of Jahsheia Gamble, a person of the full age of majority, through undersigned counsel, alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by **Plaintiff, Jahsheia Gamble** (hereafter referred to as "Plaintiff"), after Plaintiff was seriously injured by an "Ambiano 9-in-1 Programmable Pressure Cooker" (hereafter, generally referred to as "pressure cooker(s)").

2. Defendant ALDI, Inc. (hereafter referred to as "Defendant Aldi") designs, manufactures, markets, imports, distributes and sell a wide-range of consumer products, including the Subject Ambiano pressure cooker that is at issue in this case.

3. On or about February 21, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its

scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff and her partner.

4.      As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFF JAHSHEIA GAMBLE

5.      Plaintiff was, at all relevant times, a resident and citizen of the State of Louisiana, domiciled in the City of Ruston, Parish of Lincoln, State of Louisiana. Plaintiff has resided in the City of Ruston, Parish of Lincoln, State of Louisiana from the time of her injuries through the present and is therefore deemed a citizen of this state for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

6.      On or about February 21, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff and her partner.  The incident occurred as a result of the failure of the pressure cooker's supposed "safety" features which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

### DEFENDANT ALDI, INC.

7.      Defendant Aldi designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, juicers, coffee makers, and air-fryers, amongst others.

8.    Defendant Aldi is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Illinois with its headquarters and principal place of business located in Illinois. Aldi does business in thirty-nine states, including the State of Louisiana.  Aldi is therefore deemed to be a resident and citizen of both the State of Illinois for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

9.    At all times relevant, Defendant Aldi substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

10.    *Personal Jurisdiction over Aldi*: Defendant Aldi transacts and does business in all 50 states, including the State of Louisiana.  Aldi derives substantial revenue from goods sold, purchased, distributed and/or used in Louisiana; regularly does or solicits business in Louisiana; and committed tortious acts and/or omissions that caused injury in Louisiana.  Aldi derives revenue from the sales of consumer products within Louisiana and has purposefully availed itself of the privilege of doing business in Louisiana. It marketed, distributed, and sold the subject pressure cooker in Louisiana.

11.    Furthermore, upon information and belief, at all times relevant herein, Defendant Aldi has been registered to do business in Louisiana as a foreign limited liability company, and has maintained a registered agent at C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.  *See Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122, 137, 143 S. Ct. 2028, 2038, 216 L. Ed. 2d 815 (2023).

12.    Aldi has sufficient "minimum contacts" with Louisiana such that subjecting it to personal jurisdiction here does not offend traditional notions of fair play and substantial justice.  Therefore,

specific personal jurisdiction is proper under the provisions of La. Stat. Ann. § 13:3201, as well as the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

13.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff is a resident and citizen of this judicial district, and all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

15.    Defendant Aldi is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

16.    Defendant touts the "safety"[1] of its pressure cookers, and states that they are equipped with safety devices such as a float valve, pressure regulator, and a lid position sensor.[2]

17.    By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the subject pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

18.    Plaintiff and her family used the subject pressure cooker for its intended purpose of preparing meals for herself and/or her family and did so in a manner that was reasonable and foreseeable by the Defendant.

---

[1] *See*, Ambiano 9-in-1 Programmable Pressure Cooker Owner's manual, p. 16.  A copy of the Owner's manual is attached hereto as "Exhibit A."
[2] *Id*.

19.    However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her partner, her family, and similar consumers in danger while using the pressure cookers.

20.    Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

21.    Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff and her partner directly in harm's way.

22.    Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

23.    Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public.  Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers.

24.    As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff and her partner used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's partner's simple removal of the lid of the pressure cooker.

25.    Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

### CAUSES OF ACTION
### PURSUANT TO THE LOUISIANA PRODUCTS LIABILITY ACT
### (LSA-R.S. 9:2800.52, *ET SEQ.*)

26.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

27.    At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff and her family.

28.    Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

29.    Defendant, under all applicable laws including, but not limited to, the Louisiana Products Liability Act, LSA-R.S. 9:2800.52 *et seq.,* are liable unto Plaintiff for her injuries and damages for designing, manufacturing, assembling, producing, testing, inspecting, labeling, marketing, advertising, promoting, distributing, and/or selling the aforesaid pressure cooker that was unreasonably dangerous in construction or composition, in design, because adequate warnings about the product had not been provided, and/or because the pressure cooker did not conform to the implied and express warranties of the manufacturer about this product.

    **WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## INJURIES & DAMAGES

30.     As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages, including past, present, and future physical and emotional pain and suffering, as a result of the injuries she suffered from the incident.

31.     As a direct and proximate result of Defendant's negligence and wrongful misconduct, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and physical disfigurement as a result of the injuries she suffered from the incident.

32.     As a direct and proximate cause of Defendant's negligence and wrongful misconduct, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the injuries she suffered from the incident.

33.     Plaintiff's damages exceed $75,000.00 as required by 28 U.S.C. § 1332(a), and Plaintiff is entitled to recover the foregoing damages from Defendant in an amount to be proven at trial.

## JURY TRIAL DEMANDED

34.     Plaintiff is entitled to and demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

   a.  judgment for Plaintiff and against Defendant;

   b.  damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cooker;

   c.  pre and post judgment interest at the lawful rate;

   d.  a trial by jury on all issues of the case; and

e.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**GERTLER LAW FIRM**

Dated: <u>February 14, 2024</u>

*/s/ Louis L. Gertler, Esq*
Louis L. Gertler, Esq. (#23091)
935 Gravier Street, Suite 1900
New Orleans, LA 70112
(504) 581-6411
lgertler@gertlerfirm.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (MN ID #0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN ID #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***